IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAY C. MARTIN<br>    *Plaintiff,*<br><br>v.<br><br>NETWORKS PRESENTATIONS, LLC,<br>*et al.,*<br>    *Defendants*. | Civil No. ELH-25-3473 |

**MEMORANDUM AND ORDER**

On October 21, 2025, plaintiff Jay C. Martin, known professionally as Jack McLeod, filed suit against Networks Presentations, LLC, and LMS22 Touring, LLC, alleging employment discrimination. ECF 1 ("Complaint"). The case was initially assigned to Magistrate Judge Crawford. ECF 3. Judge Crawford issued a "Direct Assignment Order" on October 22, 2025, outlining the procedures that would govern this case before both parties consented to proceed before a Magistrate Judge. ECF 4. I discuss the terms of Judge Crawford's Order in more detail, *infra*.

Defendants were served on November 14, 2025. ECF 8; ECF 9. According to plaintiff, defendants' response to the suit was due on December 5, 2025. ECF 12, ¶ 6. No response was filed by that date. One day later, on December 6, 2025, plaintiff moved for the Clerk of Court to "enter an order of default against Defendants", pursuant to Fed. R. Civ. P. 55(a). ECF 12 (the "Motion"). Plaintiff appended three exhibits to his Motion. ECF 12-1 to ECF 12-3. Defendants filed their opposition to plaintiff's Motion on December 9, 2025. ECF 13. And, the case was reassigned to me on December 10, 2025. *See* Docket.

In Judge Crawford's Direct Assignment Order, she stated, in part: "[E]ach party must first file a consent or declination to proceeding before a Magistrate Judge . . . before any other filing[.]"

ECF 4.  Further, Judge Crawford expressly "precluded" the parties "from filing a fully or partially dispositive motion such as a motion pursuant to Rule 12 . . . until consent is obtained from all parties or the case is reassigned to a District Judge, if consent from all parties is not obtained." *Id.* And, the Order provides: "[T]he time to file any dispositive motion is tolled until such time that consent is obtained from all parties or the case is reassigned to a District Judge." *Id.*  It also states: "After all consent is obtained or the case is reassigned to a District Judge, [any dispositive motion] shall be filed within fourteen (14) days, or the prescribed time to file the motion under the Federal Rules, *whichever is later*[.]" *Id.* (emphasis added).

Judge Crawford's Order does not set a deadline for the parties to consent or decline to proceed before a Magistrate Judge.  *See* Docket.  But, she references Standing Order 2019-07.  It requires the Clerk to "issue" "a notice upon the filing of a new civil action requiring the *existing parties* to file a response either consenting or declining to the assignment to a Magistrate Judge within fourteen (14) days." *Id.* (emphasis added).  In this case, the Clerk issued such a notice on October 22, 2025, the day after plaintiff filed his suit.  ECF 3.  However, this deadline only applied to the plaintiff.

Further, Standing Order 2019-07 requires the Clerk to "issue a similar notice when any additional party enters an appearance or makes a filing."  Here, at the time plaintiff filed his Motion, defendants had not entered an appearance or made a filing.  *See* Docket.  Therefore, no notice was issued by the Clerk to the defendants giving them a deadline by which to consent or decline to proceed before a Magistrate Judge.

Of import, Judge Crawford's Order (ECF 4) does specify that, if defendants seek to respond with a motion pursuant to Rule 12, and the case is reassigned to a District Judge, the deadline for

the filing of the motion begins to run from the date that the case is reassigned to the District Judge. As noted, the case was reassigned to me on December 10, 2025.

Defendants indicate in their opposition (ECF 13) that they plan to file a response to the suit under Fed. R. Civ. P. 12. *Id.* at 2. Based on Judge Crawford's Order, they have not missed that filing deadline. Therefore, the Motion is premature.

In the Motion, plaintiff recounts that counsel for defendants asked plaintiff's counsel for a two-week extension to respond to the suit. ECF 12, ¶ 9; ECF 12-3 at 2. But, claiming that defendants "already had actual knowledge of the lawsuit for 23 days . . . .", ECF 12, ¶ 9, plaintiff's counsel declined the extension request. *Id.* ¶ 10.[1]

The decision of plaintiff's counsel to refuse a reasonable extension request, and to instead ask the Clerk for an order of default just one day after the alleged response deadline of December 5, 2025, flies in the face of collegiality. The Court prefers collegiality of counsel, rather than scorched-earth litigation tactics. Indeed, practicing with "civility" is expected as a matter of common decency and because it is required by Local Rule 606, titled "Civility". It states: "The Court expects all . . . counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court."

Moreover, even if the Motion were timely, default judgment would not be appropriate. Default judgment "'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Garnier-Thiebault, Inc. v. Castello 1935 Inc.*, SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013)); *see*

---

[1] Plaintiff also claims that defendants "had 39 days of actual notice" of the suit prior to the response deadline of December 5, 2025. *See* ECF 12, ¶ 8.

*S.E.C. v. Lawbaugh*, 349 F. Supp.2d 418, 421 (D. Md. 2005).  That is demonstrably not the case here.

Plaintiff's counsel and defendants' counsel have been in communication regarding this case since at least October 30, 2025.  *See* ECF 12-2 (message from plaintiff's counsel's answering service, indicating that plaintiff's counsel received a call from defendants' counsel "to follow up on the case for Jay Martin" on October 30, 2025); ECF 12-3 (email exchange between plaintiff's counsel and defendants' counsel regarding defendants' request for an extension to respond to the Complaint).  Any brief delay occasioned here by defendants has not brought the case to a halt.

Further, plaintiff's decision to pursue the Motion under the facts attendant here brings to mind the adage: "Just because you can, doesn't mean you should."  At the very least, plaintiff's rush to the courthouse for an order of default has unnecessarily imposed on the resources of this Court.  This Memorandum and Order illustrates that point.

As stated, the case was reassigned to me on December 10, 2025.  Therefore, the fourteen-day clock set forth in Judge Crawford's Order has just begun to tick.  The response deadline falls on December 25, 2025.  However, in view of the holiday season and the closure of the Court on December 25, 2025, December 26, 2025, January 1, 2026, and January 2, 2026, defendants shall have until the close of business on **January 5, 2026**, to respond to the suit.

For all these reasons, it is this 11th day of December 2025, by the United States District Court for the District of Maryland, **ORDERED** that plaintiff's motion for entry of default (ECF 12) is **DENIED**.

/s/

Ellen Lipton Hollander
United States District Judge